UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| N.C, by her Mother and Next Friend, M.H., and M.H., <br>     Plaintiffs, <br><br> v. <br><br> TOWN OF BELMONT, JOHN PHELAN, DANIEL RICHARDS, AND JOHN MULDOON, <br>     Defendants. | C.A. NO. 1:17-cv-11344- GAO |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents, materials and other information in possession of the parties N.C., BY HER MOTHER AND NEXT FRIEND, M.H., and M.H. (the "Plaintiffs"), and the TOWN OF BELMONT; JOHN PHELAN; DANIEL RICHARDS; and JOHN MULDOON (the "Defendants") (Plaintiffs and the Defendants may be individually referred to as a "Party" or collectively as the "Parties") or other entities subject to discovery or disclosure in this action (the "Litigation") may be claimed to constitute or contain personal, confidential, or proprietary information, or be subject to statutory limitations on disclosure (including, but not limited to, personal identifying data such as Social Security Numbers, medical and employment records, education and school discipline records, Criminal Offender Record Information "CORI" and police departmental practices and procedures); and

WHEREAS, the interests of the Parties, and the interests in safeguarding the personal, private, proprietary, or statutorily protected information responsive to discovery requests in this Litigation may be jeopardized if the protected or confidential materials or information that are produced in this Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all personal, private, proprietary or statutorily protected confidential information that is produced in this Litigation is not disseminated beyond the confines of the Litigation and that certain information is accorded additional protection, pursuant to Rule of Civil Procedure 26(c); and,

WHEREAS, the isolated redaction of all personal identifying data or statutorily protected information, including CORI, would pose an undue burden and expense upon the parties in possession of such information or may render the documents produced unintelligible;

NOW, THEREFORE, the Parties hereby stipulate and agree and this Court hereby ORDERS as follows:

1. This Stipulated Protective Order (the "Stipulated Order") shall govern the handling and treatment of all private, confidential, proprietary or statutorily protected documents, materials and other information, including deposition testimony and deposition transcripts, that are produced or provided in the course of pre-trial discovery and preparation for trial in this Litigation.

2. Documents produced and testimony given in this Litigation designated as "CONFIDENTIAL" under the provisions of this Stipulated Order, or information derived there from, shall be used solely for purposes of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose, including without limitation any commercial, employment, or business purpose, nor shall it be used for any other Litigation or claims.

3. For purposes of this Stipulated Order, the term "Producing Party" shall mean any Party to this Litigation who produces or discloses information or materials in the Litigation or whose witnesses give deposition testimony. The term "Producing Party" also shall include any non-party who agrees, in writing, to be bound by the terms of this Stipulated Order pursuant to Paragraph 7, *infra*, and produces or discloses confidential or proprietary information in the Litigation. The term "Receiving Party" shall mean any Party or non-party to whom information

or materials are produced or disclosed in this Litigation, or who elicits deposition testimony from a Producing Party. The term "Designating Party" shall mean any Party or non-party who designates documents or information as "CONFIDENTIAL" pursuant to the terms of this Stipulated Order.

4. For purposes of this Stipulated Order, the words "document" and "documents" shall mean all written or electronic documents, data, materials, videotapes, and other tangible items, and all information contained therein or that can be derived there from.

5. A Party may designate as "CONFIDENTIAL" any document or information (including discovery responses or portions thereof) that such party believes constitutes private, confidential, proprietary, or statutorily protected information not generally known to the public. In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, such designation shall be made as follows: (i) in the case of documents produced for inspection, by announcing at the time of production for inspection that the documents are "CONFIDENTIAL" and (ii) in the case of copies transmitted to another Party, by stamping or writing the words "CONFIDENTIAL" on the face of the copy of the document or information so designated.

6. Documents or information designated as "CONFIDENTIAL" in accordance with the terms of this Stipulated Order hereinafter are referred to collectively as "CONFIDENTIAL MATERIAL."

7. Non-parties to this Litigation may accept and agree to be bound by the terms of this Stipulated Order, provided that each such non-party (excluding counsel for the parties and their paralegals and clerical assistants) first shall execute an acknowledgment and agreement, in the form attached hereto as <u>Exhibit A</u>. A non-party to this Litigation that thereby agrees to be bound by the terms of this Stipulated Order may designate any discoverable documents or information as

"CONFIDENTIAL" by means of the procedures described in Paragraph 5 *supra*. All documents or information designated as "CONFIDENTIAL by a non-party in accordance with the terms of this Stipulated Order shall be treated by the Parties as "CONFIDENTIAL MATERIAL."

8. Notwithstanding the foregoing, a Producing Party's inadvertent failure to designate a document or information as "CONFIDENTIAL MATERIAL" as set forth in Paragraph 5, *supra*, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Stipulated Order. Promptly upon learning of an inadvertent failure to designate a document or information as "CONFIDENTIAL MATERIAL," the Producing Party may so designate a document or information as "CONFIDENTIAL MATERIAL," with the effect that the designated document or information thereafter shall be subject to the protections of this Stipulated Order. In the event that a belated designation is made, each Receiving Party promptly shall take all reasonable steps to retrieve the relevant material to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 10, *infra*, shall identify in writing to the Producing Party those persons, other than authorized persons, to whom the document(s) or information designated as "CONFIDENTIAL" has been disclosed, and shall return or destroy any unmarked copies of the relevant material that are recovered to the Producing Party within fourteen (14) calendar days of the receipt of properly marked, substitute copies from the Producing Party.

9. A Party may designate any deposition transcript or portion thereof as "CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other Parties within five (5) business days of receipt of the deposition transcript. Whenever "CONFIDENTIAL MATERIAL" is expected to be disclosed in a deposition, the Producing Party making the confidential designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, and those individuals authorized under Paragraph

10 of this Stipulated Order, *infra*, to receive the "CONFIDENTIAL MATERIAL." All designations of confidentiality shall be made reasonably and in good faith.

10. All documents designated as "CONFIDENTIAL" and any information obtained from such documents shall be retained by counsel of the Receiving Party, shall be used for the purpose of this Litigation only, and for no other purpose, and shall not be disclosed to any other person; *provided, however, that* documents designated as "CONFIDENTIAL" may be disclosed to the following:

> (a) counsel of record and their paralegals, clerical assistants and support staff;
>
> (b) the Parties, including any officers, directors and employees of the Parties as are reasonably necessary for the purposes of this Litigation and for no other purpose *provided that* each such person first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;
>
> (c) the Court, as provided in Paragraph 12, *infra*;
>
> (d) independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;
>
> (e) outside experts or consultants retained by a Party for purposes of the Litigation and for no other purpose, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;
>
> (f) any trial or deposition witness (including such witnesses whom any Party reasonably believes will be required to testify at trial and/or deposition), in preparation for testimony, to the extent necessary in good faith to obtain needed discovery or testimony *provided that* each such witness first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order, or, if a third-party witness refuses to execute the acknowledgment then counsel shall read paragraph 2 of the Stipulated Protective Order to the witness and counsel shall not permit the witness to copy, photograph or otherwise retain any Confidential Material being shown to the witness; and
>
> (g) any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made.

11. Counsel for the Parties shall employ reasonable protective measures to ensure that the information and documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons. All "CONFIDENTIAL MATERIAL" shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraphs 10, *supra*.

12. Any Party presenting "CONFIDENTIAL MATERIAL" to the Court through argument, memoranda, pleadings or otherwise shall identify such information as being subject to this Stipulated Protective Order and shall make reasonable efforts to maintain the confidentiality of such materials. Counsel shall also provide sufficient notice to allow any Party claiming said information or documents are confidential to request that the "CONFIDENTIAL MATERIAL" be impounded by the Court, or sealed by the Court, for an appropriate period of time.

13. If a Party or participating non-party that has obtained "CONFIDENTIAL MATERIAL" pursuant to this Stipulated Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to this Litigation, for the purpose of obtaining the disclosure of such "CONFIDENTIAL MATERIAL," the Receiving Party shall give prompt written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights. Provided that such notice is given, nothing herein shall be construed as requiring any Party or anyone else covered by this Stipulated Order to challenge or appeal any order requiring production of any "CONFIDENTIAL MATERIAL," or to subject itself to any penalties for non-compliance with any subpoena, demand or legal process, or to seek any related relief from this or any Court.

14. Nothing in this Stipulated Order is intended to determine or affect, in any way, the admissibility at trial of such "CONFIDENTIAL MATERIAL", all such issues remaining subject to requests as may be made to the Court as concerns maintenance of confidentiality. Furthermore, nothing herein shall be deemed to restrict in any manner any Party's dissemination or use of its own "CONFIDENTIAL MATERIAL" for any otherwise lawful purposes that the Party already possessed such "CONFIDENTIAL MATERIAL."

15. In the event that any "CONFIDENTIAL MATERIAL" of another is, either intentionally or inadvertently, disclosed by counsel of the Receiving Party to someone not authorized to receive such material under this Stipulated Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Order, counsel of record for the Party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the "CONFIDENTIAL MATERIAL" and to prevent any further disclosures of the same.

16. If a Receiving Party objects to the designation by a Producing Party of any document or information as "CONFIDENTIAL MATERIAL," or as to any designation as "Confidential", the Receiving Party so objecting shall state the objection in writing to counsel of record for the Producing Party, and copy all counsel of record in this Litigation. Any such notice shall identify the information to which the objection is directed. If the status of the information cannot be resolved by the parties, it shall be the obligation of the Receiving Party to file an appropriate motion requesting that the Court either remove or amend the objected designation. Disputed material shall be treated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order, as designated by the Producing Party until the Court rules on such motion.

17. Upon final termination of this action, and exhaustion of all avenues of appeal, each Receiving Party shall assemble and return to the appropriate Producing Party, or destroy, if such

Producing Party so requests, all "CONFIDENTIAL MATERIAL" (except attorney work product), and all copies thereof, *provided that* nothing herein shall preclude counsel for each Party from retaining one copy of each "CONFIDENTIAL" document, and all such documents retained by counsel shall remain subject to this Stipulated Order.

18. Nothing herein shall prevent a Party from seeking to amend, modify or change the terms of this Stipulated Order, either by means of a signed agreement between all of the Parties (and relevant non-parties, to the extent that their interests are affected) that is submitted to the Court, or by moving for relief from the Court. Furthermore, nothing in this Stipulated Order shall be deemed to affect or govern the disclosure, dissemination, production, admissibility or use of documents or information claimed to be protected by the attorney-client privilege, the work product doctrine or any other privilege, immunity or protection.

19. Upon execution by the Parties, this Stipulated Order shall be binding upon the Parties hereto, upon each non-party that has agreed to abide by its terms, and upon their respective counsel of record, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents and independent contractors, and disclosure of Confidential Information contemplated hereby shall not be delayed while awaiting the Court's action upon this Stipulated Order.

20. In the event anyone shall violate or threaten to violate the terms of this Stipulated Order, the aggrieved Party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Order, and in the event that the aggrieved Party does so, the responding Party, subject to the provisions of this Stipulated Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.

21. This Stipulated Order is effective immediately and shall survive the conclusion of this Litigation. This Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulated Order.

AGREED TO BY THE PARTIES:

| | |
|---|---|
| The Plaintiff,<br>N.C., BY HER MOTHER AND NEXT FRIEND, M.H., and M.H.,<br>By their Attorney, | The Defendants,<br>TOWN OF BELMONT; JOHN PHELAN; DANIEL RICHARDS; and JOHN MULDOON,<br>By their Attorneys, |
| /s/ Mark F. Itzkowitz<br>Mark F. Itzkowitz, BBO No. 248130<br>175 Federal Street – Suite 1425<br>Boston, MA 02110-2287<br>(617) 695-1848<br>mfitzkowitz@hotmail.com | **PIERCE DAVIS & PERRITANO** LLP<br><br>/s/ John J. Cloherty III<br>John J. Cloherty III, BBO #566522<br>10 Post Office Square, Suite 1100N<br>Boston, MA 02109-4603<br>(617) 350-0950<br>jcloherty@piercedavis.com |

SO ORDERED this 3rd day of April, 2018.

/s/ George A. O'Toole, Jr.
Honorable George A. O'Toole, Jr.
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| N.C, by her Mother and Next Friend, M.H., and M.H., <br>     Plaintiffs, <br><br> v. <br><br> TOWN OF BELMONT, JOHN PHELAN, DANIEL RICHARDS, AND JOHN MULDOON, <br>     Defendants. | C.A. NO. 1-7-cv-11344- GAO |

## EXHIBIT A
## ACKNOWLEDGMENT OF,
## AND AGREEMENT TO BE BOUND BY,
## STIPULATED PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

    I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "CONFIDENTIAL MATERIAL" produced by the Parties in the above-referenced litigation (the "Order").

    I have read, and I understand, the provisions of the Order, and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Order. I understand that a violation of the Order may subject me to sanctions and damages, including for contempt of Court.

    I further understand that to the extent the Confidential Material contains Criminal Offender Record Information (CORI) or other statutorily protected information, that I may be subject to penalties for disclosure, including fines and/or criminal sanctions, as set forth in the relevant statute.

    *Signed under the pains and penalties of perjury in* _____.
                                                                                               (city, state)

Date:_____          Signature:_____